IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| _____ | } | |
| Beantown Home Services, Inc., | } | Civil Action No. _____ |
| *Plaintiff,* | } | |
| | } | |
| v. | } | |
| | } | |
| Beantown Home Improvements, Inc. | } | JURY TRIAL DEMANDED |
| *Defendant.* | } | |
| _____ | } | |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, UNFAIR COMPETITION, AND CANCELLATION**

Plaintiff Beantown Home Services, Inc. submits this complaint against Defendant Beantown Home Improvements, Inc. seeking damages, an accounting, trademark registration cancellation, and permanent injunctive relief and pleading federal trademark infringement, common law trademark infringement, false designation of origin, and unfair competition under 15 U.S.C. § 1125(a) and under the statutory and common law of the Commonwealth of Massachusetts deriving from Defendant's unauthorized, intentional, and continuing use in United States Commerce of Plaintiff's federally registered trademark BEANTOWN in a manner likely to cause—and that has caused—consumer confusion, mistake, and deception and harm to Plaintiff Beantown Home Services, Inc.

*The Parties*

1)      Plaintiff Beantown Home Services, Inc. (hereinafter sometimes referred to as "Beantown") is a Massachusetts corporation with a principal place of business at 9 Aldrin Drive, No. 10, Plymouth, Massachusetts 02360.  Beantown is the sole owner of the trademark and

1

designations of origin identified herein, including the right to sue and recover damages for past infringement.

2)      Plaintiff is informed and believes, and on that basis alleges, that Defendant Beantown Home Improvements, Inc. (hereinafter sometimes referred to as "BHI") is a Massachusetts corporation with a principal place of business at 53 Plain Street, Middleboro, Massachusetts 02346.

### *Jurisdiction and Venue*

3)      This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338 because the claims for trademark infringement, false designation of origin, trade dress infringement, and unfair competition raised herein pursuant to Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and for trademark registration cancellation pursuant to 15 U.S.C. § 1119 arise under the laws of the United States.

4)      This Court has supplemental jurisdiction over the state and common law claims presented herein pursuant to 28 U.S.C. § 1367 because the state and common law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5)      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391(b) and (c).

6)      This Court has personal jurisdiction over Defendant Beantown Home Improvements, Inc. because Defendant is formed under the laws of the Commonwealth of Massachusetts, has its principal place of business in this District, and has a continuous, systematic, and substantial presence within this Judicial District.

*Factual Allegations*

***Plaintiff's use of the BEANTOWN trademark and Plaintiff's United States trademark registration directed thereto***

7)      Beantown has used the BEANTOWN trademark continuously in the town of Plymouth, Massachusetts and its environs in the residential, commercial, and industrial trades since at least as early as 2005.

8)      Beantown is the owner of United States Trademark Registration No. 7,060,772 ("the '772 registration") for the trademark BEANTOWN in International Class 037, characterized by the United States Patent and Trademark Office as the class for "Building construction; repair; installation services."  A true and correct copy of Registration No. 7,060,772 is submitted herewith as Exhibit A.

9)      The BEANTOWN mark is federally registered on the Principal Register of trademarks established by Section 1 of the Lanham Act, 15 U.S.C. § 1051 specifically listing "installation and repair of heating, ventilating and air-conditioning systems" in Class 037 such that the registration thereof comprises prima facie evidence of the validity of the registered mark and of Beantown's right to exclude others from confusingly similar trademark uses pursuant to 15 U.S.C. § 1115.

10)     Beantown's use of the BEANTOWN mark has, at times, been in conjunction with descriptive terms, such as AC and HOME SERVICES, but with BEANTOWN always forming the dominant root portion of the trademark and the usage thereof and with consumers typically dispensing with those descriptive terms and referring to Plaintiff simply by its federally registered trademark BEANTOWN.

3

11)     Plaintiff's reviews on the website yelp.com demonstrate the typical marketplace practice of referring to Plaintiff simply as BEANTOWN, Plaintiff's federally registered trademark:



**Robert S.**
Marshfield, MA
📷 0   📋 44   🖼 0

⭐⭐⭐⭐⭐ Jan 9, 2014

Had two people come see my broken furnace. First guy says "Oh, this is old - rather than repair this, you should buy a new one with a 10-year warranty because the parts for your model are too hard to get." I asked him for a quote. $5050 for the good one, or a low-end unit for $4000.

Beantown said "It needs a new motor. I will order it and put it in when it comes in." Two days later it is done. Repair cost $313 - much less than a new unit. I am satisfied.



**Robin G.**
Boston, MA
📷 0   📋 9   🖼 2

⭐⭐⭐⭐⭐ Oct 23, 2017

Wow. Thank you Beantown. Super professional, arrived on time, had the part needed to fix my problem, exceptionally knowledgeable, completely reasonable. What a great experience.



**Barbara G.**
Brighton, Brighton, MA
📷 0   📋 16   🖼 5

⭐⭐⭐⭐⭐ Jun 14, 2022

Have had two seasonal checkups. Happy with work and technicians. HVAC cooling checkup today. Matthew was superb with updating me on the work done. I like receiving work checklist report via email.

Also had other Beantown work done recently...installing a chandelier. Great guys who did a great job. Like Matthew, very professional and personable.

now living in Plymouth.

Exhibit B.

12)     In addition to Beantown's established federal rights in the BEANTOWN mark, Beantown is the owner of common law rights in the BEANTOWN mark as a result of its

4

continuous use thereof for nearly twenty years.

13)     Beantown's continuous usage of the BEANTOWN mark has been in interstate commerce and/or in commerce with an effect on interstate commerce, and the BEANTOWN mark has the inherent and further acquired capacity to identify Beantown as the source of the goods and/or services rendered thereunder.

14)     Further distinctiveness in the BEANTOWN mark has been achieved through, *inter alia*, Beantown's significant advertising efforts and expenditures, through consumer recognition linking the trademark to Beantown as the particular source of goods and/or services, through substantial sales successes, through unsolicited recognition and coverage, and through the years of use of the same before the infringing activity complained of herein.

15)     The Beantown mark is non-functional and inherently distinctive and has acquired further distinctiveness through Plaintiff's continuous usage prior to the trademark usage by Defendant complaint of herein and, as such, qualifies for protection pursuant to, *inter alia*, 15 U.S.C. § 1125(a).

16)     When consumers, particularly those in the town of Plymouth, Massachusetts and its surrounding towns, see the BEANTOWN trademark used in relation to the residential, commercial, and industrial trades, they immediately associate the goods and/or services offered with Plaintiff Beantown.

17)     Through Beantown's substantial and continuous usage and commercial success and through the extensive advertising, promotion, and exposure and great effort relating thereto as will be shown at trial, the BEANTOWN mark acquired substantial goodwill, consumer recognition, and further distinctiveness, becoming well-known not only to consumers in the town of Plymouth but also throughout the surrounding geographic area long prior to the first use thereof by Defendant.

5

18)     The BEANTOWN trademark is valuable not only to Beantown but also to consumers who rely on the trademark to identify Beantown as the source of goods and services provided under the BEANTOWN mark.

19)     By virtue of Beantown's longstanding use of the BEANTOWN trademark together with Beantown's investment in the same through substantial effort and expense and particularly in view of Plaintiff's United States trademark registration directed thereto, the BEANTOWN trademark is the valuable intellectual property of Plaintiff Beantown.

### *Defendant's Infringement*

20)     Defendant Beantown Home Improvements, Inc. was formed as a Massachusetts corporation on or about May 5, 2014 with an original corporate address in Halifax, Massachusetts and a corporate address beginning on or about October 26, 2020 in Middleboro, Massachusetts, each an approximately 20 to 30 minute drive from Beantown's headquarters in Plymouth, Massachusetts.

21)     Defendant has used and still does use the identical BEANTOWN trademark as that previously used and federally registered by Plaintiff.

22)     Defendant uses the BEANTOWN trademark in relation to services in International Class 037, the class for "Building construction; repair; installation services", the identical class of Plaintiff's Registration No. 7,060,772.

23)     Defendant is the junior user of the BEANTOWN trademark relative to Plaintiff.

24)     Defendant's use of the BEANTOWN trademark is not authorized by Plaintiff.

25)     Defendant's use of the BEANTOWN mark has, at times, been in conjunction with descriptive terms, such as HOME IMPROVEMENTS, but with BEANTOWN always forming the

dominant root portion of the trademark and the usage thereof and with consumers typically dispensing with those descriptive terms and referring to Defendant simply by Plaintiff's federally registered trademark BEANTOWN.

26)     Defendant's reviews on the website yelp.com demonstrate the typical marketplace practice of referring to Defendant simply as BEANTOWN, Plaintiff's federally registered trademark:



**Laurie G.**
New Bedford, MA
⊡ 0  ⊙ 6  ⊡ 0

★★★★★  Feb 7, 2023

We had Beantown install James Hardie siding on our house this past October. From start to finish, Jim was very professional and easy to communicate with. He even made an amazing custom door for me, after I described what I wanted. The house came out perfect and we are very happy. Highly recommend!



**Ella F.**
Marshfield, MA
⊡ 0  ⊙ 33  ⊡ 2

★★★★★  Aug 28, 2019

First saw Beantown doing work for multiple people in a neighborhood I have business in. Thought I would ask them for a quote on a new roof. Not only did they do a great job, but corrected errors by previous contractors. Eli is an absolute pleasure to work with, and would recommend their company to anyone.



**Karen P.**
Swanzey, NH
⊡ 0  ⊙ 4  ⊡ 0

★★★★★  Apr 26, 2017

ⓘ First to Review



Quality company, quality products, quality workmanship. Jim and his team replaced our roof a couple of weeks ago and we could not be more pleased! From the quote to the finished job Jim was a true professional, provided references and great information on the products he would be using. Most importantly to me - the communication during the entire process was amazing. We have already recommended Beantown to a relative, and have encouraged our neighbors to call for a quote. I would not hesitate to recommend Beantown to anyone and would hire them to do additional work on my home with confidence.

Exhibit C

27)     Defendant's owner likewise refers to Defendant simply by BEANTOWN, Plaintiff's

registered trademark:



> **James D.**
> Business Owner
>
> Apr 20, 2021
>
> We couldn't be happier those you chose Beantown to fulfill this project of yours. Every project is unique, not turnkey and changes happen along the way to improve the use of this new deck. I truly appreciate the kind words and look forward to working with you all again in the future.
>
> **Read less**

Exhibit C.

28)     In actual commercial display, including on property signage, on vehicles, on

promotional clothing, and on its internet presences, Defendant accentuates the dominant nature of

BEANTOWN and minimizes the descriptive "home improvements" terms with those descriptive

terms displayed at a small fraction of the size of BEANTOWN.





*Defendant's Promotional Clothing*                    *Defendant's Vehicular Signage*

8



*Defendant's Property Signage*

29)     On its website, beantownhi.com, Defendant regularly refers to itself simply as BEANTOWN, not including the descriptive "home improvements" terms in any manner whatsoever:

## Preparing for Your Home Improvement Project

⌄  What do I need to do to prepare for my new roof installation with Beantown?

⌄  What do I need to do to prepare for my new siding installation with Beantown?

⌄  What do I need to do to prepare for my window and door installation with Beantown?

⌄  What do I need to do to prepare for my deck installation or refresh with Beantown?

*Examples of Defendant's "General FAQs"*

9

30)     Over time, Defendant's use of the BEANTOWN mark grew, and Defendant's service area expanded, ultimately encroaching upon Plaintiff's service area and encompassing the entire town of Plymouth, the location of Plaintiff's headquarters since 2005.

31)     Defendant's use of the identical BEANTOWN mark in the same geographic area and in relation to services that are identically classified and highly related or identical to those of Plaintiff is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

32)     Indeed, as Defendant is demonstrably aware, Defendant's use of the identical BEANTOWN mark has caused actual consumer confusion, mistake, and deception as to the affiliation, connection, or association of Defendant with Plaintiff and as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities with respect to those of Plaintiff.

33)     By the use of the confusingly similar—indeed identical—BEANTOWN trademark and by its other purposeful activities, Defendant has engaged in a course of conduct that has confused, deceived, and harmed consumers, that has induced a false association between Plaintiff and Defendant, and that has harmed Plaintiff and Plaintiff's rights in the BEANTOWN trademark.

34)     Defendant is likely to continue this course of conduct and to cause further confusion, deception, and mistake and further harm to Beantown's valuable rights if permitted.

35)     Despite the known instances of actual consumer confusion caused by Defendant's use of the BEANTOWN trademark, Defendant filed an application for federal registration on August 3, 2023 directed to the BEANTOWN trademark together with the descriptive terms HOME

IMPROVEMENTS, and Defendant obtained United States Trademark Registration No. 7,461,671 ("the '671 registration") on July 30, 2024, a true and correct copy of which being appended as Exhibit D.

36)     During prosecution of the application leading to the '671 registration, Defendant expressly disclaimed exclusive rights to the descriptive terms HOME IMPROVEMENTS, which have no trademark significance.  Exhibit D.

37)     Also during prosecution of the application leading to the '671 registration, Defendant submitted the verified statement with respect to BEANTOWN that "The mark has become distinctive of the goods/services through the applicant's substantially exclusive and continuous use of the mark in commerce that the U.S. Congress may lawfully regulate for at least the five years immediately before the date of this statement" supported by the following declaration:

> The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. § 1001, and that such willful false statements and the like may jeopardize the validity of the application or submission or any registration resulting therefrom, declares that, if the applicant submitted the application or allegation of use (AOU) unsigned, all statements in the application or AOU and this submission based on the signatory's own knowledge are true, and all statements in the application or AOU and this submission made on information and belief are believed to be true.

Exhibit E.

38)     Seeking to avoid the need for the present action, Plaintiff sent Defendant the letter of Exhibit F on September 6, 2023 demanding that Defendant "(i) cease use of the mark 'Beantown' and (ii) withdraw the referenced application."

39)     Despite its awareness of actual consumer confusion, despite Plaintiff's demand that Defendant cease use of the BEANTOWN mark, and despite demonstrable knowledge of Plaintiff's United States Trademark Registration, Defendant continued with the application

process that resulted in the '671 registration, and Defendant continued unabated in its use of the identical BEANTOWN trademark in Plaintiff's identical service area.

40)     Further and again despite its awareness of actual consumer confusion, despite Plaintiff's demand that Defendant cease use of the BEANTOWN mark, and despite demonstrable knowledge of Plaintiff's United States Trademark Registration, Defendant filed Application No. 98/638,843 for the mark BEANTOWN ROOFING on July 9, 2024.  Exhibit G.

41)     The continued use, registration, and attempted registration of the BEANTOWN trademark and of trademarks using BEANTOWN as the dominant, source-identifying portion thereof by Defendant—the junior user by at least nearly a decade—have harmed not only Plaintiff and Plaintiff's rights in the BEANTOWN mark but have also harmed consumers who have been confused, mistaken, and deceived.

42)     Undeterred by its status as the junior user of the BEANTOWN mark nor by Plaintiff's demands, Defendant in a letter dated September 11, 2024 took the extraordinary step of demanding that Plaintiff cease using BEANTOWN HOME SERVICES, one of the usages made by Plaintiff of the BEANTOWN trademark.  Exhibit H.

43)     Defendant—the party continuing to make unauthorized use of the identical BEANTOWN trademark registered to Plaintiff—stated that "it is clear that your use of such mark is intended to confuse the public" and cautioned, "Please note that [sic] is a pre-suit notice and failing to correct the same may make you liable for damages and legal fees."  Id.

44)     In view of Defendant's refusal to comply with Plaintiff's requests to cease its infringing and wrongful conduct and particularly in view of Defendant's demand that Plaintiff cease use of Plaintiff's own BEANTOWN trademark in conjunction with the descriptive terms HOME and SERVICES, Plaintiff was left with no other option but to file the present action.

***Count I***
***Infringement of Federally Registered Trademark***

45)     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 44 above.

46)     Plaintiff is the sole owner of all right, title, and interest in and to United States Trademark Registration No. 7,060,772 for the valid and legally protectable trademark BEANTOWN, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

47)     Without permission or authority from Plaintiff, Defendant Beantown Home Improvements, Inc. has used in commerce reproductions, copies, or colorable imitations of Plaintiff's BEANTOWN trademark in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant's goods and services.

48)     Defendant's use of reproductions, copies, or colorable imitations of the BEANTOWN trademark is likely to cause confusion, or to cause mistake, or to deceive and constitutes trademark infringement under 15 U.S.C. § 1114.

49)     Defendant's wrongful acts as alleged herein were committed with knowledge of and deliberate disregard for Plaintiff's rights, which renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

50)     Despite written notice, Defendant has engaged and continues to engage in such activities with the purpose and effect of trading upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and of deceiving consumers into believing that Defendant's products and services are associated with, sponsored by, originated from, or are

approved by Plaintiff.

51)     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

52)     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable injury for which Plaintiff has no adequate remedy at law.

53)     Defendant will continue its actions, constituting trademark infringement, unless enjoined by this Court.

### Count II
### False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a)

54)     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 53 above.

55)     Plaintiff is the sole owner of all right, title, and interest in and to United States Trademark Registration No. 7,060,772 for the valid and legally protectable trademark BEANTOWN, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

56)     Without Plaintiff's consent, Defendant has used in United States Commerce and commerce with an effect on United States Commerce, on or in connection with plural goods and services, words, terms, names, symbols, devices and/or combinations thereof and/or false designations of origin that are likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods, services, or commercial activities.

57)     Without limiting the foregoing, Defendant's use in United States Commerce of the

14

trademark BEANTOWN, which is confusingly similar to Plaintiff's federally registered trademark BEANTOWN, without Plaintiff's consent in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant's products and services constitutes unfair competition and a false designation of origin tending wrongfully and falsely to suggest a connection between Plaintiff's and Defendant's goods and services.

58)     Defendant had actual knowledge of Plaintiff's ownership and prior use of the BEANTOWN trademark and has acted knowingly and willfully.

59)     Defendant's wrongful acts as alleged herein constitute false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a)(1)(A).

60)     Defendant's continuing wrongful conduct has been willful and deliberate, which renders this an exceptional case within the meaning of 15 U.S.C. § 1117.

61)     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

62)     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable injury, for which Plaintiff has no adequate remedy at law.

63)     Defendant will continue its actions, constituting false designation of origin and unfair competition, unless enjoined by this Court.

### Count III
### Trademark Infringement under Massachusetts Common Law

64)     Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 63 above.

65)     Plaintiff is the sole owner of all right, title, and interest in and to the valid and legally

protectable trademark BEANTOWN and the rights thereto under Massachusetts common law, including the right to sue and recover for past infringement, and Plaintiff has the authority to bring this suit.

66)     Without permission, Defendant has used in commerce reproductions, copies, or colorable imitations of Plaintiff's BEANTOWN trademark in plain text and stylized forms in connection with the sale, offering for sale, distribution, advertising, and/or promotion of Defendant's products and services.

67)     Defendant's use of reproductions, copies, or colorable imitations of the BEANTOWN trademark is likely to cause confusion, or to cause mistake, or to deceive and constitutes trademark infringement under Massachusetts common law.

68)     Defendant's wrongful acts as alleged herein were committed with knowledge or in bad faith.

69)     Despite written notice, Defendant has engaged and continued to engage in such activities with the purpose and effect of unfairly competing against Plaintiff, of trading upon Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public, and of deceiving consumers into believing that Defendant's products and services are associated with, sponsored by, originated from, or are approved by Plaintiff.

70)     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged and is entitled to monetary relief in an amount to be determined at trial.

71)     As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable injury, for which Plaintiff has no adequate remedy at law.

72)     Defendant will continue its actions, constituting trademark infringement, unless enjoined by this Court.

### Count IV
### Unfair Methods of Competition and/or Unfair or Deceptive Acts or Practices under Massachusetts General Laws Chapter 93A, § 11

73)      Plaintiff incorporates by reference and realleges each of the allegations set forth in Paragraphs 1 through 72 above.

74)      By its actions as complained of herein, Defendant has engaged in unfair methods of competition and unfair and deceptive acts or practices in trade or commerce declared unlawful by Massachusetts General Laws Chapter 93A, § 2 or by rule or regulation issued under paragraph (c) of that § 2.

75)      The actions and transactions constituting the unfair methods of competition and/or the unfair or deceptive acts or practices complained of herein occurred primarily and substantially within the Commonwealth of Massachusetts.

76)      As a direct and proximate result of Defendant's actions, Plaintiff has been damaged.

77)      As a direct and proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer irreparable injury, for which Plaintiff has no adequate remedy at law.

78)      Defendant's actions as complained of herein were and are willful and/or knowing violations of Massachusetts General Laws Chapter 93A, § 2 whereby, should the Court find for Plaintiff, recovery shall be up to three, but not less than two, times such amount of Plaintiff's actual damages together with reasonable attorneys' fees and costs incurred.


### Count V
### Cancellation of Federal Registration

79)      Plaintiff incorporates by reference and realleges each of the allegations set forth in

17

Paragraphs 1 through 78 above.

80)     Plaintiff is the sole owner of all right, title, and interest in and to United States Trademark Registration No. 7,060,772 for the valid and legally protectable trademark BEANTOWN and of common law rights to the BEANTOWN trademark, and Plaintiff has the authority to bring this suit.

81)     United States Trademark Registration No. 7,461,671 is directed to a trademark, BEANTOWN HOME IMPROVEMENTS, that consists of or comprises a mark which so resembles Plaintiff's mark registered in the Patent and Trademark Office and previously used in the United States and not abandoned, as to be likely, when used on or in connection with the goods and services of Defendant, to cause confusion, or to cause mistake, or to deceive such that the mark of Registration No. 7,461,671 is not entitled to registration under 15 U.S.C. § 1052(d).

82)     The Court has power over United States trademark registrations pursuant to 15 U.S.C. § 1119, and an Order is warranted cancelling Registration No. 7,461,671.

### *Demand for Jury Trial*

Plaintiff most respectfully demands a trial by jury on all issues so triable.

### *Prayers for Relief*

WHEREFORE, Plaintiff claims damages and prays that judgment be entered in Plaintiff's favor against Defendant, and that Plaintiff be granted the following relief:

A)  Judgment in favor of Plaintiff and against Defendant on all counts;

B)   An Order permanently enjoining Defendant and its agents, servants, employees,

representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant from engaging in infringement of the BEANTOWN trademark;

C)   An Order permanently enjoining Defendant and its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendant from the actions and transactions constituting the unfair method of competition and/or the unfair or deceptive acts or practices complained of herein;

D)   An Order for the immediate seizure and destruction of all infringing materials in the care, custody, or control of Defendant;

E)   An award of Defendant's profits, the damages sustained by Plaintiff, and the costs of this action, together with prejudgment and post-judgment interest for Defendant's wrongful actions pursuant to 15 U.S.C. § 1117;

F)   An award of amplified damages in an amount of three times the damages caused by Defendants based on the exceptional nature of this case within the meaning of 15 U.S.C. § 1117 and based on Defendant's willful and/or knowing violations of Massachusetts General Laws Chapter 93A;

G)   An Order cancelling United States Trademark Registration No. 7,461,671 pursuant to 15 U.S.C. § 1119;

H)   an award of attorney's fees as permitted by law;

I)   an award of pre-judgment, judgment, and post-judgment interest as allowed by law;

J)   an award of all litigation costs and expenses incurred by Plaintiff in connection with this controversy; and

K)  such further relief as the Court deems fair and/or equitable in this case.


Dated:  October 23, 2024                    Respectfully submitted,

                                            Plaintiff Beantown Home Services, Inc.,
                                            by its Attorney,

                                            *Thomas P. O'Connell*
                                            Thomas P. O'Connell
                                            BBO # 567,644
                                            *O'Connell Law Office*
                                            tpo@oconnellusa.com
                                            1026A Massachusetts Avenue
                                            Arlington, MA 02476
                                            Telephone: 781.643.1845
                                            Facsimile: 781.643.1846